Miller v. The State.

## MILLER v. THE STATE.

CRIMINAL LAW. *Carrying weapons.* Under the 3d sec. of sec. 4759 b, c, d of the Code, a justice of the peace is exempt from punishment for carrying weapons when engaged in taking a prisoner, charged with an offense, to jail, and he may still wear the weapon on his way home if he return in a reasonable time after depositing the prisoner. This exemption only applies, however, when the magistrate is actually engaged in taking a prisoner to jail or returning home immediately after having discharged such duty.

Code cited: sec. 4759 b, c, d, sub-sec. 3.

No record to be found.

McFARLAND, J., delivered the opinion of the court.
29—VOL. 6.

This is an indictment against Miller similar to the foregoing, which was also submitted to the Judge upon the defendant's plea of not guilty, and the following facts agreed upon:

It is admitted that the defendant carried the pistol otherwise than openly, in the manner and form charged in the indictment; that the defendant is, and was at the time of carrying the pistol, a magistrate for Shelby county; that he kept an office for the purpose of discharging his duties as magistrate, which usually occupied all of his time during the day; that when he went to his home after office hours he frequently had occasion to discharge the duties of magistrate at his home—such as issuing warrants for the arrest of persons charged with crime, also committing or bailing persons arrested for crime; and while going to his home in the country he, as was his habit, carried the pistol as aforesaid.

Upon these facts the Judge of the Criminal Court held the defendant guilty and gave judgment, from which the defendant appeals.

It is argued that this defendant is within the exception of the statute above quoted. We do not understand this section to exempt all officers from the operations of the law. It says "it shall not apply to an officer or policeman while *bona fide* engaged in his official duties in the execution of process, or while searching for or engaged in the arrest of criminals." We understand this only to apply to officers whose duty it is to execute process, or to search for and arrest criminals, and only to them while *bona fide*

engaged in their duties. To execute process and search for and arrest criminals, are not in general the duties of a magistrate. There can be no reason for saying that this statute intended to allow magistrates to carry arms while they were discharging the duties of a magistrate, such as issuing warrants and committing or taking bail from criminals. There could be but little reason for this, and the language of the statute admits of no such construction. In certain cases where a breach of the peace is committed in his presence, it is the duty of the magistrate to cause the offender to be arrested, and might be his duty in some instances to make or assist in making the arrest himself; but to hold that he might go armed so as to be prepared to make such arrest in the event there be by accident an occasion for it, would be to hold that justices of the peace might go armed at all times; that these conservators of the peace might, more than all others, violate the provisions of the law applicable to other persons, and thus provoke breaches of the peace. Those officers who are alone allowed to thus carry arms—that, is, who execute process, or search for and arrest criminals—can only do so while *bona fide* engaged in these duties.

We think there is no error in the judgment in this case, and it will be affirmed.